UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:22-cv-1748 CKD P<br><br><br><br>ORDER |

Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. At the time plaintiff commenced this action, he was confined in the Sacramento County Jail. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

Having conducted the required screening with respect to plaintiff's first amended complaint (ECF No. 6), the court finds that plaintiff may proceed on the following claims:

1. Denial of medical treatment and use of excessive force in violation of the Fourteenth Amendment against defendant Leonard;

2. Denial of medical treatment in violation of the Fourteenth Amendment against defendant Bonde; and

3. Retaliation for protected conduct in violation of the First Amendment against defendant Bonde.

With respect to the other claims and defendants, the allegations do not amount to claims upon which plaintiff may proceed. At this point, plaintiff has two options: 1) proceed immediately on the claims identified above; or 2) attempt to cure the deficiencies in plaintiff's amended complaint in a second amended complaint. In considering whether to amend a second time, the court advises plaintiff as follows:

1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. In general, plaintiff's allegations should not be vague or conclusory. Plaintiff must point to specific acts in order to establish an actionable claim.

3. Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claims identified in this order or file a

second amended complaint in an attempt to cure the deficiencies in his amended complaint.  If plaintiff does not return the form, this action will proceed on the claim described above.

Dated:  March 3, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
roge0403.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:22-cv-1748 CKD P<br><br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the following clams:

   1. Denial of medical treatment and use of excessive force in violation of the Fourteenth Amendment against defendant Leonard;

   2. Denial of medical treatment in violation of the Fourteenth Amendment against defendant Bonde; and

   3. Retaliation for protected conduct in violation of the First Amendment against defendant Bonde.        **OR**

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

Plaintiff's Signature